JAIKUMAR RAMASWAMY, Chief
Asset Forfeiture and Money Laundering Section (AFMLS)
LINDA M. SAMUEL, Deputy Chief
DANIEL H. CLAMAN, Assistant Deputy Chief
WOO S. LEE, Trial Attorney
STEPHEN A. GIBBONS, Trial Attorney
United States Department of Justice- Criminal Division
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone: (202) 514-1263, Woo.Lee@usdoj.gov

ANDRÉ BIROTTE, JR.
United States Attorney
STEVEN R. WELK (Cal. Bar No. 149883)
Assistant United States Attorney
312 North Spring Street, 14th Floor
Los Angeles, California 90012
Telephone: (213) 894-6166, Steven.welk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>ONE WHITE CRYSTAL-COVERED "BAD TOUR" GLOVE AND OTHER MICHAEL JACKSON MEMORABILIA; REAL PROPERTY LOCATED ON SWEETWATER MESA ROAD IN MALIBU, CALIFORNIA; ONE 2011 FERRARI 599 GTO,<br><br>Defendants. | No. CV 2: 11-3582-GW-SS<br><br>Hon. George H. Wu<br><br>UNITED STATES' SUPPLEMENTAL REPLY BRIEF IN OPPOSITION TO CLAIMANTS TEODORO NGUEMA OBIANG MANGUE'S AND SWEETWATER MALIBU, LLC'S MOTION FOR SUMMARY JUDGMENT ON THE LIMITED ISSUE OF PROBABLE CAUSE OR, IN THE ALTERNATIVE, ORDER FINDING THE GOVERNMENT LACKED PROBABLE CAUSE AT THE TIME IT INSTITUTED THE ACTION FOR FORFEITURE IN REM<br>Hearing: August 19, 2013 (8:30 a.m.) |

# Table of Contents

PRELIMINARY STATEMENT…………………...…………..………………1

DISCUSSION…………………………..………………………………2

I. THE COURT PROPERLY DENIED CLAIMANTS' SUMMARY JUDGMENT MOTION AS TO THE SAC'S BANK FRAUD CLAIMS ………………………………………………………………2

II. SUMMARY JUDGMENT DOES NOT PREJUDICE THE GOVERNMENT'S RIGHT TO FILE A NEW ACTION AGAINST THE DEFENDANT ASSETS…………………..................................................……………..6

CONCLUSION……………………………………………….…………..10

**PRELIMINARY STATEMENT**

The Court directed the parties to address two specific issues:

(1) Whether the Second Amended Complaint's ("SAC's") allegations of bank fraud satisfy 19 U.S.C. § 1615's ("Title 19's") probable cause requirement, *see* Reporter's Transcript ("R.T."), June 20, 2013, at 21-22; and

(2) If the Court determines that the Government did not have probable cause on April 28, 2011 (the date the Government filed its original complaint) ("Filing Date") for its non-bank fraud allegations, what impact such a ruling would have on the Government's ability to file a new action, *id.* at 22.

As to the first issue, there is no genuine dispute: Claimants do not contest that the Government had probable for its bank fraud claims as of the Filing Date. Claimants also do not contest that this Court determined that the bank fraud claims plead a valid claim for relief. Instead, Claimants concoct — without citing any applicable legal authority — a novel legal theory to support their Rule 56 motion. Claimants contend that they are entitled to summary judgment because Title 19 purportedly requires the Government to plead *all* of its actionable claims in its initial complaint. But, this is not the law. As noted in the Court's Tentative Ruling ("Tentative" or "T.R."), ECF No. 98, at 18, all that is required under Title 19 is that the Government have in its "possession" evidence sufficient to demonstrate probable cause at the time the action is instituted. Nothing in Title 19 requires the Government to plead all of its actionable claims in its initial complaint.

The second issue is no more complicated. Claimants do not dispute that probable cause is a "threshold" issue. The Supreme Court has made it crystal clear that if an action is dismissed for failure to satisfy a "threshold" precondition to suit, "the *judgment* rendered will prove no bar to another suit." *Costello v. United States*, 365 U.S. 265, 286 (1961) (emphasis added). Yet, Claimants suggest that if judgment is entered on these grounds, the Defendant Assets are forever immunized. Again, Claimants' arguments lack

merit. When judgment is entered against a plaintiff for failure to satisfy a "threshold" issue, such as Title 19's probable cause requirement, it is a bedrock principle of federal practice that plaintiff's right to have its claims adjudicated on the merits is not prejudiced.

## DISCUSSION

### I. The Court Properly Denied Claimants' Summary Judgment Motion as to the SAC's Bank Fraud Claims

On September 6, 2012, this Court held that the SAC's bank fraud claims state a valid claim for relief.[1] The SAC's First, Second, Third and Fourth Claims for Forfeiture are all premised in-part on bank fraud. *See* SAC, ECF No. 50, ¶¶ 238, 245, 252, 260. In alleging bank fraud in its amended pleadings, the Government simply did that which it was entitled to do under the law: assert properly pled causes of action for which it had probable cause on the Filing Date. The fact that these claims were not pled on the initial Filing Date has no bearing on the Government's right to proceed.

Under established precedent, that should end the inquiry. Claimants however mint a new and novel pleading requirement that they insist entitles them to summary judgment. Under Claimants' new theory, Title 19 requires the Government to plead *all* of its claims in its initial complaint or be forever barred from doing so. Cl. Reply, ECF No. 94, at 24 ("The fatal flaw in that argument is that the government did not plead bank fraud when it instituted this action."). This argument fails for several reasons.

First, it has no support in this Circuit or any other. Claimants fail to cite, and the Government cannot find, a single case, where any court has – ever – construed Title 19 as requiring the Government to plead all of its legal claims in its initial complaint.

[1] *See* R.T., Sept. 6, 2012, at 40 (denying Claimants' motion to dismiss bank fraud claims, the court stated: "Let me stop you. I agree with the government on the potential point of the potential basis for them to go forward in this [bank fraud] area and I have indicated that I was inclined to let them go forward on this, so I will. So the answer is no.").

Second, Claimants' argument that Title 19 contains a pleading requirement is not correct. The Ninth Circuit in *United States v. $191,910*, 16 F.3d 1051, 1068 (9th Cir. 1994), explicitly considered and rejected that argument, explaining:

> This argument simply misses the point. Under [Title 19], ***the government must have probable cause at the time it institutes forfeiture proceedings, not merely plead probable cause. Whether probable cause exists to institute proceedings is solely a question of what information is in the government's possession***. *Id.* (emphasis added).

Claimants, as noted by this Court, seek to "conflate[] the issue of what the Government knew at the time it filed the initial complaint with the issue of what was pled in the initial complaint." T.R. at 17. Indeed, even if "the government *pled* probable cause . . . at the time it instituted the proceedings, this fact alone would not protect the government against dismissal where the government did not actually *have* probable cause." *$191,910*, 16 F.3d at 1068 n. 33. *$191,910* clarified that Title 19 requires the Government to have probable cause for the "action that is *being adjudicated*." *Id.* at 1066 (emphasis added). Here, the SAC's allegations, including the bank fraud claims, which the Court determined state a valid claim, and whose allegations Claimants answered, comprise the action that is "*being adjudicated*." Accordingly, because the Government "possess[ed]" ample evidence of bank fraud as of the Filing Date, which Claimants do not contest, this motion fails.

Third, pursuant to Federal Rule 15(a), a plaintiff is permitted to amend — as the Government did here — its complaint to add new causes of action. *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties"); Supp. R. G Adv. Comm. Note (2006) ("Rule 15 applies, in light of the circumstances of a forfeiture action."). Indeed, Rule 15(a)'s policy of permitting litigants to "freely" amend their pleadings "is to be applied with extreme liberality." *Eminence Capital v. Aspeon*, 316 F.3d 1048, 1051 (9th Cir. 2003). Nothing in Federal Rule 15 precludes this practice, and

courts routinely grant the Government leave to amend forfeiture complaints to add new claims. *See, e.g.*, *United States v. Item 1*, 2005 U.S. App. LEXIS 19326, at *5-6 (10th Cir. Sept. 7, 2005) (granting Government leave to add new forfeiture claim); *United States v. Wells Fargo*, 2010 U.S. Dist. LEXIS 126901, at *2 (E. D. Wis. Nov. 16, 2010) (permitting Government to add new forfeiture cause of action); *United States v. U.S. Currency*, 1997 U.S. Dist. LEXIS 22917, at *17 (E.D.N.Y. Apr. 30, 1997) (same). Under Claimants' approach, no forfeiture complaint could ever be amended to add additional claims.

Fourth, Claimants' arguments have no foundation in the statutory text. Title 19 requires only that "probable cause shall be first shown for the institution of such suit or action . . . ." 19 U.S.C. § 1615. Nothing in that language even hints that Congress intended to require the Government to plead all of its actionable claims in its initial pleadings, let alone prohibit courts from granting the Government leave to amend its pleadings, as the Court permitted the Government to do here.[2] ECF No. 47. As this Court recognized, "the Ninth Circuit noted in forfeiture actions, subsequent complaints can fix original pleading defects." T.R. at 17 (citing *$191,910*, 16 F.3d at 1068). Had Congress intended to promulgate such a rule, it "easily could have written" that the Government must "plead" all of its actionable claims in its initial complaint. *See Ali v. BOP*, 552 U.S. 214, 227 (2008); *cf. Bates v. United States*, 522 U.S. 23, 30 (1997) (courts "ordinarily resist reading words . . . into a statute that do not appear on its face").

Fifth, Title 19's probable cause requirement is an evidentiary standard, not a pleading requirement (as Claimants contend). *See, e.g., United States v. $186,416*, 527 F. Supp. 2d 1103, 1121 (C. D. Cal. 2007), *rev'd on other grounds* 583 F.3d 1220 (9th Cir.

[2] If Claimants truly believe that the Government cannot add new claims in an amended complaint, Claimants should have raised this issue in their motion to dismiss for failure to satisfy the requisite pleading standards. During those proceedings, not once did Claimants suggest that the Court erred in permitting the Government to plead additional causes of action in the SAC. *Cf. Yumul v. Smart Balance*, 2011 U.S. Dist. LEXIS 109952, at * 14 (C. D. Cal. Mar. 14, 2011) (a party which has already made a Rule 12 motion "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); *Fed*. R. Civ. P. 12(g)(2).

2009) (Title 19 is an "evidentiary requirement" and not a pleading requirement); *United States v. $11,500*, 2010 U.S. Dist. LEXIS 76868, at *7 (D. Or. Jul. 28, 2010) (same). Although the Government must have probable cause when it institutes an action, it need not plead each and every fact amounting to the probable cause, nor must it allege every claim for relief that might be based on those facts establishing probable cause. *Cf. In re Morgan*, 506 F.3d 705, 710 (9th Cir. 2007) ("deciding which charges to bring is a matter of prosecutorial discretion"). This is further evidenced by Title 19's caption, which reads "Burden of proof in forfeiture proceedings"; Title 19 is an evidentiary standard—not a rule of pleading.

Sixth, Claimants' novel legal theory would lead to an absurd result. Even where the Government alleges a well-pled claim in an amended complaint that is supported by probable cause, as is the case here, that claim under Claimants' approach would be forever barred from being adjudicated on its merits. In addition to being contrary to law, these arguments run afoul of the clear "preference expressed in the Federal Rules . . . for resolving disputes on their merits." *Krupski v. Costa Crociere*, 130 S. Ct. 2485, 2494 (2010); *Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir. 1964) ("it is the policy of the law to bring about a trial on the merits whenever possible . . ."). Indeed, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

Finally, it bears repeating that because Claimants did not even raise the bank fraud issue in their initial brief, the Court – as noted in the Tentative – need not even consider these arguments. T.R. at 18 (citing Civ. Local Rule 7-4). As such, insofar as the SAC's Claims for Forfeiture Nos. 1 through 4 are premised on bank fraud, the motion fails.

## II. SUMMARY JUDGMENT DOES NOT PREJUDICE GOVERNMENT'S RIGHT TO FILE A NEW ACTION AGAINST THE DEFENDANT ASSETS

It is hornbook law that when a civil action is disposed of on a threshold issue, such as Title 19's probable cause requirement, or on "'any [other] ground which [does] not go to the merits of the action, the judgment rendered will prove no bar to another suit.'" *Costello*, 365 U.S. at 286 (quoting *Hughes v. United States*, 4 Wall 232, 237 (1866)). This fundamental principle of federal practice, which Claimants do not contest, has been affirmed uniformly by court after court for over a century. It is also consistent with the strong policy underlying the Federal Rules favoring the resolution of disputes on their merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003) (collateral estoppel "inappropriate where the parties have not had a full and fair opportunity to fully litigate the merits of an issue"). Yet, although Claimants have conceded, as they must, that probable cause is a "threshold" issue distinct from the merits, *see* Cl. Motion, ECF No. 78, at 6, they now contend that it is something more. (R.T. at 10) (Court also noted probable cause is the "threshold"); *United States v. $405,089.23*, 122 F.3d 1285, 1291 (9th Cir. 1997) ("probable cause is a prerequisite" to instituting forfeiture action). They then compound this mistake by arguing that the Defendant Assets are forever immunized from forfeiture if the Court disposes of the instant action on these "threshold" grounds. This is simply not the law.

Nothing in Title 19, or any other statute, rule, regulation, or case, supports Claimants' novel theory of the law. On the contrary, *Costello* and its progeny have held that a plaintiff's failure to comply with a "precondition requisite to the Court's going forward to determine the merits of his substantive claim," does not "operate as an adjudication on the merits and as a bar to [a] subsequent complaint."[3] *Criales v. American Airlines*, 105 F.3d 93, 97 (2d Cir. 1997).

[3] Similarly, Claimants' contention that the Government made contrary arguments is false. The Government agreed that if it cannot show probable cause, its action will be dismissed

Indeed, consistent with these principles, the Ninth Circuit reasoned that where the Government cannot satisfy Title 19's probable cause "threshold" as of the Filing Date, but later obtains additional evidence, the Government may institute "*another* action" based upon this new evidence. *$191,910*, 16 F.3d at 1067 (emphasis in original). The court explained:

> If, in fact, the government can only show probable cause as of the time of trial . . . it has not shown probable cause for ***the institution*** of *such* suit or action. Instead, it has only shown that it has probable cause for . . . the ***institution*** of ***another*** action.

*Id.* at 1066-67 (emphasis in original).[4]

Similarly, in other analogous procedural contexts where a forfeiture action is disposed of on grounds *other* than the merits, courts have permitted the Government to file new forfeiture proceedings against those same assets. For instance:

- Where the Government fails to give notice of a seizure to interested parties pursuant to 18 U.S.C. § 983(e), which — like probable cause — is an important procedural protection, the forfeiture is set aside "without prejudice to the right of the Government to commence [another] forfeiture proceeding at a later time," *see, e.g., United States v. $11,500*, 710 F.3d 1006, 1015 (9th Cir. 2013);

- Similarly, where an attempt to administratively forfeit assets fail, the Government may file a new civil forfeiture action against those same assets. *See, e.g., Barrera-Montenegro v. United States*, 74 F.3d 657, 661 (5th Cir. 1996) (recognizing right to file a civil forfeiture action against property that was the

---

and it "would never be allowed to enter the courthouse door." (R.T. at 7). But, in the very next sentence, the Government explained that the scope of that prejudice is limited to "those items in the property and as to the allegations that are in *that* complaint." *Id.* (emphasis added). Moreover, the Government stated clearly that it intended to argue that a Title 19 dismissal "would be without prejudice" to the Government's right to re-file based upon additional evidence. *Id.* at 12: 18-20; *see also id.* at 18: 15-20 ("my understanding of the government's argument is, is that if there is any dismissal, they are saying . . . they are not barred from going ahead with those items that now can give rise to probable cause").

[4] Analogously, it is well established that under the Federal Rules of Criminal Procedure, when an application for a seizure or search warrant is denied, the Government's right to re-apply based upon additional evidence is not prejudiced. As the probable cause requirement for forfeiture is the same as that required to obtain a warrant under Fed. R. Crim. P. 41, this further suggests that a dismissal for lack of probable cause in the instant action is without prejudice. *See United States v. Piper Cherokee*, 91 F.3d 1204, 1208 (9th Cir. 1996).

subject of failed administrative forfeiture); *Garcia v. Meza*, 235 F.3d 287, 292 (7th Cir. 2000) (directing Government to return property *or file a new forfeiture action* after failed administrative forfeiture); and

- Where an asset is seized illegally without probable cause, the Government may still seek civil forfeiture of this same asset, *see, e.g.*, *United States v. $277,000*, 941 F.2d 898, 902 (9th Cir. 1991); *$191,910*, 16 F.3d at 1063 ("mere fact that property was illegally seized does not immunize that property from forfeiture").

The above principles militate strongly in favor of the Government's position.

Likewise, in another analogous statutory context, courts have uniformly rejected the notion that disposing of *in rem* actions on "probable cause" grounds prejudices a plaintiff's right to file a new action based upon additional evidence. Under admiralty law – from which forfeiture law is derived – plaintiffs are permitted to seize property pursuant to an arrest warrant *in rem* upon the filing of an *in rem* complaint and a showing of "probable cause" under Rule E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture. *See, e.g., KTB v. M/V Cielo*, 2013 U.S. Dist. LEXIS 26385, at *4 (E. D. Cal. Feb. 26, 2013) (plaintiff "must meet a probable cause showing" to institute maritime *in rem* action); *SMS Yacht v. One Nautique*, 2012 U.S. Dist. LEXIS 182870, at *3 (S. D. Cal. Dec. 28, 2012) (same); *see also United States v. $5,372.85*, 283 F. Supp. 904 (S.D.N.Y. 1968) (discussing historical connection between forfeiture and admiralty law). Where, however, a court determines that plaintiff's *in rem* arrest warrant was obtained, and the *in rem* action was filed, without "probable cause," courts have uniformly held that the appropriate remedy is to vacate the warrant and to dismiss the *in rem* action without prejudice to the plaintiff's right to file another *in rem* action based upon additional evidence.[5] Admiralty cases are especially instructive because Congress

[5] *See, e.g., SPL Shipping v. Gujurat*, 2008 U.S. Dist. LEXIS 95674, at *12 (S.D.N.Y. Sept. 10, 2008) (dismissal is "without prejudice to Plaintiff's ability to file a new complaint . . . if subsequent developments" show further evidence); *Precious Pearls v. Tiger Int'l*, 2008 U.S. Dist. LEXIS 58453, at *10 (S.D.N.Y. Jul. 31, 2008) (dismissal was "without prejudice to the plaintiff's ability to file a subsequent complaint" with more evidence); *Sonito Shipping v. Sun United*, 478 F. Supp. 2d 532, 544 (S.D.N.Y. 2007) (dismissal "without

intended – as reflected in 28 U.S.C. § 2461(b) – that in adjudicating forfeiture actions courts apply procedures "which shall conform as near as may be to proceedings in admiralty.'" 28 U.S.C. § 2461(b).[6] As such, these cases suggest strongly that if a forfeiture action, like an admiralty *in rem* action, is dismissed on threshold "probable cause" grounds, the effect of that dismissal is without prejudice to the plaintiff's right to re-file based upon new evidence.

In the face of such clear precedent, Claimants only response is to cite four cases – none of which discuss the specific issue this Court directed the parties to address; namely, what impact judgment on Title 19 grounds would have on the Government's ability to file a new action. *See* R.T. at 19: 19-23. Specifically, Claimants cite *United States v. $32,000*, 2007 WL 1297098 (D. Az. Apr. 30, 2007), *United States v. $31,999*, 1992 WL 209542 (N.D.N.Y. Jun. 1, 1992), and *United States v. $186,416*, 590 F.3d 942, 955 (9th Cir. 2010). These cases stand for the unremarkable proposition that a claimant is entitled to judgment if he prevails at summary judgment. But, as Claimants' brief makes clear, (Cl. Supp. Brief, at 18-19), these cases are noticeably silent on whether judgment on these "threshold" grounds prejudice a plaintiff's right to file a new action.[7]

Likewise, Claimants' contention that *Costello* does not apply here fails. Claimants argue that because they were required to incur the "inconvenience" of having to propound

---

prejudice to the plaintiff filing a complaint . . . at a later date" with more evidence); *CSL Australia v. Britannia*, 2009 U.S. Dist. LEXIS 81173, at *22 (S.D.N.Y. Sept. 8, 2009) (dismissal without prejudice directing plaintiff to designate any "new action" it commences concerning same dispute as related action).

[6] Similarly, Supplemental Rule G(1), which governs civil forfeiture, provides "To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." As noted above, these rules govern admiralty cases.

[7] The Government acknowledges that "district courts are normally under no compulsion to specify the precise issues to which the 'with prejudice' label applies." *See Le Bron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 13 (1st Cir. 2003). It is also true that this issue may not be ripe for adjudication. But, in cases where an action is dismissed for failure to satisfy a "threshold" issue, some courts have explained "it would have been better had the district court made clear" what specific issues were decided (or not) with prejudice. *Id.*

discovery and file a motion, *Costello* requires that this Court bar the Government from filing a new action. Not so. As noted in *Criales*, 105 F.3d at 96, *Costello* means that:

> [T]he preclusive effect afforded dismissals by Rule 41(b) was intended to apply only to those situations in which ***a defendant must incur the inconvenience of preparing to meet the merits of the plaintiff's claims because there is no initial bar to the court's reaching the merits*** as there would be, for illustrative purposes, if there were a defect in pleadings or parties.

But, here, the thrust of Claimants' motion is that Title 19's threshold preconditions constitute an "initial bar to the court's reaching the merits" of the action. (Cl. Motion at 6). Claimants simply cannot have it both ways. In any event, given that this suit has not progressed beyond the pleading stage, and Claimants have not been the subject of significant discovery (other than Supp. Rule G(6) interrogatories), any purported "inconvenience" incurred was certainly not related to the "necessity of preparing a defense" on the merits. *Costello*, 365 U.S. at 287; *see also U.S. v. $237,632.92*, 2012 U.S. Dist. LEXIS 165213, at *4 (N. D. Cal. Nov. 19, 2012) (defendant's "lack of effort and expense in preparing for trial strongly supports dismissal without prejudice").

Finally, the primary policy concern underlying Title 19's probable cause requirement is largely not implicated here. The Ninth Circuit explained that Title 19 was an important procedural protection promulgated to ensure that the Government does not seize property without evidence. Similarly, this Court noted, "I would have trouble with the government seizing property without a basis . . ." R.T. at 7: 9-11. In the instant action, only one asset has been seized — the Defendant Ferrari. Both the Defendant Sweetwater Property and the seventy-four items of Defendant Michael Jackson Memorabilia remain in Claimants' custody.[8]

## CONCLUSION

For the foregoing reasons, Claimants' motion for summary judgment fails.

---

[8] A lis pendens was filed in connection with the Defendant Real Property. ECF No. 25.

DATED: August 9, 2013

JAIKUMAR RAMASWAMY, Chief
LINDA M. SAMUEL, Deputy Chief
DANIEL H. CLAMAN, Assistant Chief
CRIMINAL DIVISION

/S/ *Woo S. Lee*
WOO S. LEE
STEPHEN A. GIBBONS
Trial Attorneys
United States Department of Justice

ANDRÉ BIROTTE, JR.
United States Attorney
STEVEN WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA